

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 1, 1963

Dr. M. H. Crabb
Secretary, Texas State Board
 of Medical Examiners
1714 Medical Arts Building
Fort Worth 2, Texas

Opinion No. C-48

Re: Whether the Texas State
    Board of Medical Examiners
    is authorized to issue a
    license in Texas as a medi-
    cal doctor, to a graduate
    from an osteopathic school
    in California, who elected
    under California law to use
    the suffix "M.D." instead
    of the suffix "D.O." under
    the stated facts.

Dear Doctor Crabb:

        We are in receipt of your request for opinion relative
to the above captioned question.

        Your letter indicates that a large group of practition-
ers are now applying for licenses from the Board and are asking
to be identified with the term or suffix "M.D." All of these
practitioners are graduates of the former College of Osteopathic
Physicians and Surgeons in California and have previously ob-
tained their license as an osteopath in Texas based upon such
study. It is significant, however, that on February 15, 1962,
the institution named above was changed to a medical school and
is now known as the California College of Medicine, which school
is recognized by the Council on Medical Education and Hospitals
of the American Medical Association, the Association of American
Medical Colleges, and the California Board of Medical Examiners
(which only licenses those applicants with an M.D. degree). All
persons in question received the degree of Doctor of Medicine
from the College between March 7, 1962 and September 30, 1962,
without taking any further courses whatsoever, but by merely mak-
ing application.

        Since in California there is a separate Board of Medi-
cal Examiners and Board of Osteopathic Examiners, recent amend-
ments were proposed and adopted whereby persons receiving both
degrees could elect to use either the term or suffix "M.D." or
"D.O." Section 2396 of Deering's California Business and Profes-
sions Code states as follows:

"§2396. Unprofessional conduct: Unauthorized use of letters 'M.D.': Election of osteopath to use 'M.D.': Effect of election.

"Unless the holder of any certificate provided for in this chapter or any preceding medical practice act has been granted the degree of doctor of medicine after the completion of a full course of study as prescribed by an approved medical school in accordance with the provisions of this chapter, or any preceding medical practice act, the use of the term or suffix 'M.D.' constitutes unprofessional conduct within the meaning of this chapter.

"However, any person holding a physician's and surgeon's certificate under the jurisdiction of the Board of Osteopathic Examiners of the State of California and a degree of Doctor of Medicine issued by a medical school located in the State of California at any time prior to September 30, 1962, and approved either by the Board of Osteopathic Examiners of the State of California or the Board of Medical Examiners of the State of California at the time of the issuance of such degree, shall be authorized to use the term or suffix 'M.D.,' and such use shall not be unprofessional conduct, so long as such person, on or before December 31, 1962, advises both the Board of Medical Examiners and the Board of Osteopathic Examiners, in writing, that he has elected to use the term or suffix 'M.D.' and has elected not to use the term or suffix 'D.O.' In the event of such election, the use of the term or suffix 'D.O.' constitutes unprofessional conduct within the meaning of this chapter. (Amended by Stats.1st Ex.Sess. 1962 ch.50 §1.)"

Your letter phrases the question submitted to us as follows:

"Now the question is, can the Texas State Board of Medical Examiners issue these osteopaths a license as an 'M.D.' in Texas in lieu of all the legal changes in the California laws allowing osteopaths who were licensed in California to choose whether they wish to be an 'M.D.' or a 'D.O.' by a certain date, December 31, 1962.

"Also, if an osteopath who obtained his osteopathic education at the California College of

Osteopathic Physicians and Surgeons, or any
other osteopathic school prior to February 15,
1962, the date that the California College of
Osteopathic Physicians and Surgeons was changed
to a medical school, and has obtained an 'M.D.'
degree from the California College of Medicine,
should the Texas State Board of Medical Exami-
ners recognize the 'M.D.' degree and issue this
man a license in Texas as a medical doctor?"

Each applicant to the Texas State Board of Medical Ex-
aminers must identify himself with some particular system of
healing. In this connection Article 4590e of Vernon's Civil
Statutes, states in part as follows:

"Sec. 3. Every person licensed to practice
the healing art heretofore or hereafter by . . .
the Texas State Board of Medical Examiners . . .
shall in the professional use of his name on any
sign, pamphlet, stationery, letterhead, signature,
or on any other such means of professional identi-
fication, written or printed, designate in the
manner set forth in this Act the <u>system of the
healing art</u> which he is by his license permitted
to practice. The following are the legally re-
quired identifications, <u>one of which must be used
by practitioners of the healing art</u>:

"(1) <u>If licensed by the Texas State Board of
Medical Examiners on the basis of the degree Doc-
tor of Medicine</u>: physician and/or surgeon, M.D.;
doctor, M.D.; doctor of medicine; M.D.

"(2) <u>If licensed by the Texas State Board
of Medical Examiners on the basis of the degree
Doctor of Osteopathy</u>: physician and/or surgeon,
D.O.; Osteopathic physician and/or surgeon; doc-
tor, D.O.; doctor of osteopathy; osteopath; D.O."
(Emphasis added).

Even though California law allows a practitioner to
elect which degree he chooses to use by his name, the law govern-
ing the Texas State Board of Medical Examiners does not. We con-
strue Article 4590e as allowing a practitioner only to practice
"the system" on which his degree was based. The degree M.D.
connotes an education obtained at a medical school and a D.O. de-
gree likewise contemplates a degree obtained and based upon study
at an osteopathic school. The California College of Medicine may
well be a "reputable medical school" as that term is used in

Article 4501, Vernon's Civil Statutes, and may well be a "reputable medical college" as that term is used in Article 4500, Vernon's Civil Statutes, but the fact remains that the practitioners in question obtained all of their education at an osteopathic school.  Since they obtained their M.D. degree without further study or taking additional courses at the California College of Medicine, it follows that their most recent degree is not based on study or attendance at a medical school, and therefore the Texas State Board of Medical Examiners is not authorized or required to license them as doctors of medicine on the basis of such degree.

## SUMMARY

The Texas State Board of Medical Examiners is not authorized or required to issue licenses as doctors of medicine on the basis of the M.D. degree to practitioners who attended and received their education at an osteopathic school, when the M.D. degree was awarded to them under the laws of California by merely making application therefor.

Yours very truly,

WAGGONER CARR
Attorney General

By Fred D. Ward
Fred D. Ward
Assistant

FDW:wb

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Frank Booth
Grady Chandler
Edward R. Moffett

APPROVED FOR THE ATTORNEY GENERAL

BY:  Stanton Stone